UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

      Plaintiff,

v.               9:09-CV-0977
               (GTS/DEP)

MICHAEL HOGAN, OMH Commissioner;
JOANNE WALDRON, Unit Chief, Clinton C.F.;
MAUREEN BOSCO, Forensic Program
Administrator, Clinton C.F.; GREGORY SAVAGE,
Mental Health Counselor, Clinton C.F.;
JAMES MORGAN, Associate Director of Quality
Management, New York State Office of
Mental Health; TARA BROSSEAU, I.G.P. Supervisor,
Clinton C.F.; THOMAS LAVALLEY, also known as
Thomas Lavalle; DALE ARTUS, Superintendent, Clinton
C.F.; STEVEN RACETTE; Deputy Superintendent of
Security; Clinton C.F.;

       Defendants.

_____

APPEARANCES:         OF COUNSEL:

RASZELL REEDER, 94-A-6388
 Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN    JUSTIN C. LEVIN, ESQ.
Attorney General for the State of New York Assistant Attorney General
 Counsel for Defendant
The Capitol
Albany, New York  12224

HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

   Currently before the Court in this *pro se* prisoner civil rights action filed by Raszell

Reeder ("Plaintiff") against the nine New York State employees listed in the caption above

("Defendants"), are the following: (1) Defendants' motion to dismiss for failure to state a claim

upon which relief can be granted (Dkt. No. 21); and (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed with leave to file an Amended Complaint (Dkt. No. 28).  For the following reasons, the Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's Complaint is dismissed with leave to replead certain claims listed below in the "So Ordered" Paragraphs of this Decision and Order.  Plaintiff is advised that his entire action shall be dismissed unless, within thirty (30) days of the date of this Decision and Order, he files an Amended Complaint that is limited to the claims permitted below in the "So Ordered" Paragraphs of this Decision and Order, and that cures the pleading defects identified in Magistrate Judge Peebles' Report-Recommendation and below in Part III of this Decision and Order.

I.      RELEVANT BACKGROUND

        A.      Plaintiff's Complaint

        Plaintiff filed his Complaint on August 28, 2009.  (Dkt. No. 1.)  Construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Clinton Correctional Facility in Dannemora, New York ("Clinton C.F."), Defendants violated his constitutional rights by assigning him to a mental health Level Six designation, which rendered him ineligible to receive mental health treatment, including participation in the group therapy program ("GTP") at Clinton C.F., in retaliation for his having thrown "a huge bucket of feces" at a mental health nurse and a corrections officer.  (*Id*.)

        Based on these (and other) factual allegations, Plaintiff appears to assert the following claims against Defendants: (1) a claim of inadequate prison conditions against Defendants based on their allowing Plaintiff to be designated Level Six, which in turn resulted in Plaintiff being

housed in an unfavorable environment, denied food, and having his food tampered with; (2) a claim of excessive force against unidentified corrections officers, which occurred as a result of Plaintiff throwing feces at a mental health nurse and a corrections officer and subsequently being designated as a Level Six; (3) a claim of retaliation against Defendants based on their allowing him to be designated as a Level Six as a result of him throwing feces at staff; (4) a claim of interference with the grievance process against Defendants based on their refusal to process his grievances; (5) a claim of deliberate indifference to serious medical needs against Defendants based on their failure to provide him with the mental health treatment that he needs, which has resulted in his mental health condition "worsening"; (6) a claim of conspiracy against Defendants based on their retaliating against him and harassing him; and (7) a claim of mail tampering against Defendants.  (*See generally id*.)

For a more detailed recitation of Plaintiff's factual allegations, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Peebles' Report-Recommendation. (Dkt. Nos. 1, 28.)

### B.    Magistrate Judge Peebles' Report-Recommendation

On March 1, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that all of Plaintiff's claims be dismissed, but that Plaintiff be granted leave to amend his Complaint to replead certain claims.  In support of his recommendation, Magistrate Judge Peebles found as follows: (1) Plaintiff failed to allege facts plausibly suggesting that Defendants Hogan, Morgan, Artus, and Racette were personally involved in any of the alleged constitutional violations; (2) Plaintiff's retaliation claim should be dismissed because he failed to allege facts plausibly suggesting that he was retaliated against as a result of his engaging in protected activity; (3) Plaintiff's conspiracy claim should be dismissed because he failed to

allege facts plausibly suggesting the identity of the participants in the alleged conspiracy, or allege a meeting of the minds and an agreement to abridge Plaintiff's constitutional rights; (4) Plaintiff's claim of interference with the grievance process should be dismissed because inmates do not possess a constitutional right to access established grievance procedures; (5) Plaintiff's claim of mail tampering should be dismissed because he failed to allege facts plausibly suggesting the identity of the individual(s) who tampered with his mail, or allege facts plausibly suggesting how his mail was tampered with; (6) Plaintiff's claim of excessive force should be dismissed because he failed to allege facts plausibly suggesting the identity of the Defendant(s) who  participated in the alleged assaults; (7) Plaintiff's claim of food tampering and/or denial of food should be dismissed because he failed to allege facts plausibly suggesting the identity of which Defendants, if any, are responsible for the tampering and/or denial, or how he was denied food and/or had his food tampered with; (8) Plaintiff's claim of medical indifference should be dismissed because Plaintiff failed to allege facts plausibly suggesting (a) what mental condition he has, (b) how he is limited by that condition, (c) how his condition has worsened as a result of his Level Six designation, and (d) who is responsible for the Level Six designation; (9) Plaintiff's claim for compensatory relief should be dismissed because Plaintiff failed to allege facts plausibly suggesting that he suffered a physical injury as a result of Defendants' actions; and (10) Plaintiff's New York State tort claim(s) are barred by N.Y. Correct. Law § 24.

### C.    Plaintiff's Objections

On March 21, 2011, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 29.)  In his Objections, Plaintiff argues as follows: (1) Defendants Hogan, Morgan, Artus, and Racette were personally involved in denying Plaintiff mental health treatment; (2) his claims of retaliation and conspiracy to retaliate against him should not be dismissed because he has

4

alleged that he was not given the mental health treatment he needs as a result of Defendants'

animosity toward him; (3) Defendants LaValley and Brousseau failed to process Plaintiff's

grievance filings; and (4) Plaintiff is entitled to compensatory damages.  (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, the Court

reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*,

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

*aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no

objection to a portion of a report-recommendation, the Court reviews that portion for clear error

or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y.

July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee

---

[1]        On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C.
§ 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law
and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge
in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir.
1994) ("In objecting to a magistrate's report before the district court, a party has no right to
present further testimony when it offers no justification for not offering the testimony at the
hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World
Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate").

[2]        *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.
12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the
constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be
adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),
aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

     **B.**     **Standard Governing Review of Motion to Dismiss**

     Magistrate Judge Peebles correctly recited the legal standard governing motions to dismiss.  (Dkt. No. 28, at 8-10.)  As a result, this standard is incorporated by reference in this Decision and Order.

**III.**     **ANALYSIS**

     As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Peebles' recommendations.  Instead, Plaintiff's Objections simply reiterate his arguments presented in his papers submitted to Magistrate Judge Peebles.  For the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation only for clear error.

     After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court concludes that Magistrate Judge Peebles' recommendations are not clearly erroneous.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts Magistrate Judge Peebles' recommendations for the reasons stated therein.  The Court would add only five points.

     First, Magistrate Judge Peebles' recommendations would survive even a *de novo* review.

     Second, Plaintiff's conspiracy claims are barred by the intra-corporate conspiracy doctrine.  *Dillhunt v. Theriault*, 07-CV-0412, 2009 WL 4985477, at *17 (N.D.N.Y. Dec. 15, 2009) (Peebles, M.J. adopted by Suddaby, J) ("[E]ven if plaintiff had pleaded a viable

conspiracy claim, it would have been precluded by the intra-agency conspiracy doctrine since it is asserted only against employees of the DOCS, each acting within the scope of his or her employment."); *Murray v. Pataki,* 03-CV-1263, 2009 WL 981217, at *4 & n.11 (N.D.N.Y. Apr. 9, 2009) (Suddaby, J.); *Little v. City of New York*, 487 F. Supp.2d 426, 441-42 (S.D.N.Y. 2007).

Third, although the Court may deem Plaintiff's assertion in his Objections that Defendants LaValley and Brousseau failed to process Plaintiff's grievance filings as an allegation that effectively amends his Complaint, it would be futile to do so. This is because, as Magistrate Judge Peebles correctly noted, inmates do not possess a constitutional right to access established grievance procedures.

Fourth, regardless of whether one or more Defendants possessed animosity toward Plaintiff, his retaliation claim must be dismissed because Plaintiff has failed to allege facts plausibly suggesting that he was engaged in protected activity *prior to* Defendants allegedly retaliating against him (by designating him Level Six and/or not processing his grievances and/or tampering with his mail and/or denying him food). In addition, action taken for both retaliatory and non-retaliatory reasons does not give rise to a claim of retaliation. *See Houston v. Goord*, 03-CV-1412, 2009 WL 890658, at *10 (N.D.N.Y. Mar. 31, 2009) (Peebles, M.J. adopted by Suddaby, J.) ("If taken for both proper and improper reasons, state action may be upheld if the action would have been taken based on the proper reasons alone."); *Chavis v. Struebel*, 317 F. Supp.2d 232, 238 (W.D.N.Y. 2004) ("[E]ven assuming retaliatory motive, defendant Cunningham is entitled to summary judgment because there are 'proper, non-retaliatory reasons for his punishment.'"); *Graham v. Henderson*, 89 F.3d 75, 81 (2d Cir. 1996) (noting that a retaliation claim must be dismissed as a matter of law where, even if allegations of retaliatory motivation were true, there were proper, non-retaliatory reasons for complained-of punishment).

Fifth, as noted by Magistrate Judge Peebles, during the four-month preceding his filing of this action, Plaintiff filed two other prisoner civil rights actions in this District; furthermore, within a year after filing this action, he filed another prisoner civil rights action in this District. *See Reeder v. Hogan*, 09-CV-0520-NAM, Complaint (N.D.N.Y. filed May 4, 2009); *Reeder v. Artus*, Complaint, 09-CV-0575-DNH, Complaint (N.D.N.Y. filed May 18, 2009); *Reeder v. Allan*, 10-CV-0959-TJM, Complaint (N.D.N.Y. filed Aug. 9, 2010). Some or all of those three actions appear to share several defendants in common with this action (e.g., Defendants Hogan, Artus, Lavalle, Racette, Brousseau, etc.). The Court has not endeavored at this early state of this action to compare the claims asserted in this action to the claims asserted in Plaintiff's three other actions; however, at some point such a comparison will be performed. <u>Plaintiff is advised that, if it is determined that he has asserted in his Amended Complaint in this action claims that are duplicative of his claims in his other three actions, he will be subject to sanctions.</u>

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 28) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 21) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the following claims are **<u>DISMISSED</u>** **with prejudice** (i.e., without leave to replead):

(1)     Plaintiff's conspiracy claim; and

(2)     Plaintiff's retaliation claim(s);

(3)      Plaintiff's interference-with-the-grievance-process claim; and

(4)     Plaintiff's New York State tort claim(s); and it is further

8

**ORDERED** that the following claims are **<u>DISMISSED</u> without prejudice** (i.e., with leave to replead):

(1)      Plaintiff's excessive-force claim;

(2)      Plaintiff's medical-indifference claim;

(3)      Plaintiff's mail-tampering claim; and

(4)      Plaintiff's inadequate-conditions-of-confinement claim; and it is further

**ORDERED** that Plaintiff's Complaint is **<u>DISMISSED</u>** with leave to file an Amended Complaint within **THIRTY (30) DAYS** of the filing of this Decision and Order, with regard to the claims dismissed without prejudice in this Decision and Order.  <u>Plaintiff is advised that his entire action shall be dismissed unless, within thirty (30) days of the date of this Decision and Order, he files an Amended Complaint that is limited to the claims permitted above in the "So Ordered" Paragraphs of this Decision and Order, and that cures the pleading defects identified in Magistrate Judge Peebles' Report-Recommendation and below in Part III of this Decision and Order.</u>

Dated:  March 31, 2011
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge