UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                        Plaintiff,

v.                                                                                     9:09-CV-0977 (GTS/DEP)

MICHAEL HOGAN, OMH Commissioner;
JOANNE WALDRON, Unit Chief, Clinton Correctional
Facility; MAUREEN BOSCO, Forensic Program
Administrator, Clinton Correctional Facility;
GREGORY SAVAGE; Mental Health Counselor,
Clinton Correctional Facility; JAMES MORGAN,
Associate Director of Quality Management, New York
State Office of Mental Health; TARA BROSSEAU,
I.G.P. Supervisor, Clinton Correctional Facility;
THOMAS LAVALLEY, also known as Thomas
Lavalle; DALE ARTUS, Superintendent, Clinton
Correctional Facility; STEVEN RACETTE;
Deputy Superintendent of Security, Clinton
Correctional Facility,

                        Defendants.
_____

APPEARANCES:                                                           OF COUNSEL:

RASZELL REEDER, 94-A-6388
   Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                              JUSTIN C. LEVIN, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Raszell Reeder ("Plaintiff"), are the following: (1) a motion filed by the nine above-captioned individuals ("Defendants") requesting that this action be dismissed, pursuant to Fed. R. Civ. P. 41(b), based upon Plaintiff's failure to diligently prosecute this action, and comply with the Court's Orders and the Local Rules of Practice in this District (Dkt. No. 33); (2) a Report-Recommendation, issued by United States Magistrate Judge David E. Peebles, recommending that Defendants' motion be granted and that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 34); and (3) Plaintiff's Objection and Supplemental Objection to the Report-Recommendation (Dkt. Nos. 35, 40).[1]  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's Complaint is dismissed in its entirety.

**I.    RELEVANT BACKGROUND**

    **A.    Plaintiff's Original Complaint, Defendants' First Motion to Dismiss, and Magistrate Judge Peebles' First Report-Recommendation on that Motion**

Plaintiff filed his Complaint on August 28, 2009, alleging a host of civil rights claims against Defendants.  (Dkt. No. 1.)  For a more detailed recitation of Plaintiff's claims, and the factual allegations giving rise to those claims, the Court refers the reader to the Complaint in its entirety, Magistrate Judge Peebles' thorough Report-Recommendation, and Part I.A. of the Court's Decision and Order of March 31, 2011.  (Dkt. Nos. 1, 28, 30.)

---

[1] The Court notes that, on June 29, 2011, Plaintiff submitted a letter to the Clerk of the Court asking whether his Objection had been received.  (Dkt. No. 43.)  The Clerk docketed this letter as a "Second Supplemental Objection." (*Id.*)  However, the Court does not construe that letter as attempting to supplement Plaintiff's Objections.

On March 5, 2010, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 21.) On March 1, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Complaint be dismissed, with leave to file an Amended Complaint with regard to Plaintiff's claims for medical indifference, excessive force, inadequate conditions of confinement, and mail tampering. (Dkt. No. 28.)

**B. Court's Decision and Order of March 31, 2011, Regarding Defendants' First Motion to Dismiss**

On March 31, 2011, this Court issued a Decision and Order that (1) accepted and adopted in Magistrate Judge Peebles' Report-Recommendation its entirety, (2) granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, (3) dismissed with prejudice Plaintiff's conspiracy claim, his retaliation claim(s), his interference-with-the-grievance-process claim, and his New York State tort claim(s), and (4) dismissed without prejudice, and with leave to file an Amended Complaint within thirty days, Plaintiff's excessive-force claim, his medical-indifference claim, his mail-tampering claim, and his inadequate-conditions-of-confinement claim. (Dkt. No. 30.) This Court also advised Plaintiff that his entire action would be dismissed unless his amended complaint was limited to the claims dismissed without prejudice, and cured the pleading defects identified in Magistrate Judge Peebles' Report-Recommendation, and in Part III of the Court's Decision and Order. (*Id*.)

**C. Plaintiff's Amended Complaint, Defendants' Current Motion to Dismiss, and Magistrate Judge Peebles' Report-Recommendation on that Motion**

On April 25, 2011, Plaintiff filed an Amended Complaint. (Dkt. No. 31.) However, Plaintiff's Amended Complaint failed to comply with the terms of Magistrate Judge Peebles' Report-Recommendation (which, again, was adopted by this Court in its entirety). (*Compare*

3

Dkt. No. 31 *with* Dkt. No. 28.)  As a result, out of an extension of special solicitude to Plaintiff, on April 29, 2011, Magistrate Judge Peebles issued a Decision and Order that (1) stayed discovery, and (2) granted Plaintiff an additional thirty days (i.e., until May 31, 2011, once weekends and federal holidays are considered) to file a Second Amended Complaint that complied with the terms of the Report-Recommendation issued on March 1, 2011, and the Decision and Order adopting that Report-Recommendation, issued on March 31, 2011.  (Dkt. No. 32.)  In that Decision and Order, Magistrate Judge Peebles specifically notified Plaintiff that, "unless he files a [Second] [A]mended [C]omplaint fully complying with the terms of this decision and order within thirty (30) days from the date of the filing of this order, I will recommend to District Judge Suddaby that this action be dismissed in its entirety." (*Id*. at 7.)

However, Plaintiff failed to file such a Second Amended Complaint.  (*See generally* Docket Sheet.)

As a result, on June 3, 2011, Defendants filed a motion seeking dismissal of this action based on Plaintiff's failure to submit a Second Amended Complaint in accordance with the Court's Decision and Order of March 31, 2011.  (Dkt. No. 33.)

On June 16, 2011, Magistrate Judge Peebles issued a second Report-Recommendation recommending that this action be dismissed in its entirety, pursuant to Fed. R. Civ. P. 41(b), based on Plaintiff's failure to prosecute the action or comply with a Court order.  (Dkt. No. 34.)  In support of his recommendation, Magistrate Judge Peebles found that each of the five-factors considered in deciding a motion to dismiss for failure to prosecute weighed in favor of dismissal. (*Id*.)

### D.   Plaintiff's Objection and Supplemental Objection

On June 27, 2011, Plaintiff sent the Court a form Affidavit in Support of a Motion to Appeal *In Forma Pauperis*, which he indicated was his "Objection [to the] Recommendation." (Dkt. No. 35.)  On that same day, Plaintiff also filed an interlocutory appeal from the Report-Recommendation to the Second Circuit (Dkt. No. 36), a motion to appeal *in forma pauperis* (Dkt. No. 37), and another affidavit in support of that motion (Dkt. No. 40), which the Clerk of the Court liberally construed, and docketed, as a Supplemental Objection to the Report-Recommendation (*id*.).

Construed with the utmost of special liberality, Plaintiff's Objection and Supplemental Objection argue that Magistrate Judge Peebles erred in recommending the dismissing of his action for the following four reasons: (1) when Magistrate Judge Peebles cited a legal decision dismissing a complaint that was six years old, he committed an erroneous finding of fact, because the current case is only some two years old; (2) Plaintiff did not file a Second Amended Complaint by May 31, 2011, because he did not receive treatment for his "mental illness[,]" causing his "mental health to get wors[e]"; (3) while he did not file a Second Amended Complaint by May 31, 2011, he "did have all legal documents [for this action] correctly copied in numbers ready immediate response before the [May 31, 2011, filing] deadline"; and (4) he effectively met the filing deadline of May 31, 2011, by sending "evidence" and "legal documents" to the "Northern District Court" (as confirmed by "facility correspondence dept."), which documents the Clerk's Office "misplaced."  (Dkt. Nos. 35, 40.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

> **B.     Standard Governing Review of Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b)**

Magistrate Judge Peebles correctly recited the legal standard governing a dismissal for failure to prosecute an action, pursuant to Fed. R. Civ. P. Rule 41(b).  (Dkt. No. 34.)  As a result, this standard is incorporated by reference in this Decision and Order.

## III.   ANALYSIS

Even when construed with the utmost of special liberality, Plaintiff's Objection and Supplemental Object contain only one *specific* objection to a portion of a Magistrate Judge Peebles' Report-Recommendation: an objection that, when Magistrate Judge Peebles cited a legal decision dismissing a complaint that was six years old, he committed an erroneous finding of fact, because the current case is only some two years old.  Subjecting that portion of Magistrate Judge Peebles' Report-Recommendation to a *de novo* review, the Court finds that it survives that review.

Magistrate Judge Peebles never rendered a factual finding that Plaintiff's case was six years old.  Rather, he rendered a factual finding that, under the circumstances, "it seems quite likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have been transferred to other correctional facilities."  (Dkt. No. 34, at 9.)  In addition, he supported that factual finding by citing a case (in which the complaint was six years old) standing for the proposition that "[t]he passage of time always threatens difficulty as memories fade."  (*Id*. at 9-10.)  Magistrate Judge Peebles' factual finding was correct in all respects.  In further support of that finding, the Court notes that the alleged actions giving rise to the claims in this action were taken between twenty-six and thirty months ago, by more than nine individuals, at two different locations (i.e., Clinton Correctional Facility and the New York State Office of Mental Health).  (*See generally* Dkt. No. 1.)  Moreover, the

Court notes that numerous decisions exist finding that passages of time of less than twenty-six months increases the risk that memories may fade, documents may be destroyed, and witnesses may disappear.[7]

As for the remainder of Plaintiff's Objections, they are not sufficiently specific to trigger a *de novo* review, because they do not identify the portion(s) of the Report-Recommendation challenged. (*See*, *supra*, Part II.A. of this Decision and Order [reciting legal standard governing Objections].) For example, Plaintiff's three arguments regarding why he did not formally meet, and/or why he effectively met, the deadline of May 31, 2011, do not identify whether they are intended to challenge Magistrate Judge Peebles findings regarding (1) the duration of Plaintiff's failure to comply with the Court's Orders and Local Rules of Practice, (2) whether Plaintiff was on notice that failure to comply would result in dismissal, (3) whether Defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, or (5) whether the Court has adequately considered a sanction less drastic than dismissal. (*See generally* Dkt. Nos. 35, 40.) As a result, the remainder of Magistrate Judge Peebles' Report-Recommendation is subject to only a clear-error review by the Court. It clearly survives that review for the reasons stated therein. (Dkt. No. 34, at 3-10.)

---

[7] *See, e.g.*, *Nash v. Messima*, 10-CV-0305, 2011 WL 3847341, at *3 (N.D.N.Y. Aug. 30, 2011) (Suddaby, J.) (case was not yet 18 months old); *Fitzgerald v. Cnty. of Washington*, 09-CV-0839, 2011 WL 3876534, at *3 (N.D.N.Y. Aug. 9, 2011) (Lowe, M.J.) (case was not yet 25 months old), *adopted by* 2011 WL 3876539 (N.D.N.Y. Sept. 1, 2011) (D'Agostino, J.); *Johnson v. U.S. Dept. of Homeland Sec.*, 09-CV-0975, 2011 WL 2559560, at *4 (N.D.N.Y. Apr. 29, 2011) (Peebles, J.) (case was approximately 20 months old), *adopted by* 2011 WL 2559545 (N.D.N.Y. June 27, 2011) (McAvoy, J.); *Nieves v. Mueller*, 07-CV-0003, 2008 WL 4663361, at *3 (N.D.N.Y. Oct. 20, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (case was not yet 23 months old); *Harris v. Thompson*, 07-CV-0772, 2008 WL 4610301, at *3 (N.D.N.Y. Oct. 15, 2008) (Scullin, J., adopting Report-Recommendation of Lowe, M.J.) (case was not yet 15 months old).

In any event, even if the Court subjected the remainder of Magistrate Judge Peebles' Report-Recommendation to a *de novo* review, it would find that those portions of the Report-Recommendation survive that review.

For example, Plaintiff provides no evidence in support of his vague and conclusory argument that he did not file a Second Amended Complaint by May 31, 2011, because he did not receive treatment for his "mental illness[,]" causing his "mental health to get wors[e]." (*See generally* Dkt. Nos. 35, 40.)

Moreover, Plaintiff's argument that he "did have all legal documents [for this action] correctly copied in numbers ready immediate response before the [May 31, 2011, filing] deadline" weighs against his mental health argument, and in favor of a finding that his failure to meet the deadline was inexcusable.

Furthermore, Plaintiff's argument that he effectively met the filing deadline of May 31, 2011, by sending "evidence" and "legal documents" to the "Northern District Court" which documents the Clerk's Office "misplaced" is unpersuasive for four reasons. First, again, he offers no evidence, or even the date on which he allegedly filed those documents, in support of this vague and conclusory argument. (*See generally* Dkt. Nos. 35, 40.)  Second, such an argument is belied by the fact that the Clerk's Office has successfully received, and retained, the sixteen (16) other documents that Plaintiff has filed in this action. (Dkt. Nos. 1, 2, 3, 4, 5, 22, 23, 29, 31, 35, 36, 37, 39, 40, 41, 43.)[8]  Third, the filing of "evidence" and "legal documents" is not what the Court's Orders (and Local Rules of Practice) required; what they required was the filing of a Second Amended Complaint.  Fourth, the alleged submission in question was untimely,

---

[8]  Indeed, the Court notes that, on April 29, 2011, in a related action, Plaintiff filed a motion to amend his complaint, which the Court successfully received, and retained, on May 4, 2011. *See Reeder v. Hogan*, 09-CV-0520, Motion to Amend (N.D.N.Y. filed May 4, 2011).

because it occurred more than six weeks after the deadline set by Magistrate Judge Peebles in his Decision and Order of April 29, 2011.

In addition, Magistrate Judge Peebles' finding that (under the circumstances) the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case is further supported by the fact that this action is more than two years old and discovery has not yet commenced in it. It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for prisoner civil rights cases.

Finally, Magistrate Judge Peebles' finding that other sanctions (including a Decision and Order chastising Plaintiff and providing him one final opportunity to file a Second Amended Complaint) would be inadequate is further supported by the fact that, during the nearly four months that have transpired since the filing of Magistrate Judge Peebles' Report-Recommendation, Plaintiff has not filed a Second Amended Complaint. (*See generally* Docket Sheet.)

For these reasons, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety. Defendants' motion to dismiss for failure to prosecute is granted, and this action is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 34) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 33) is **GRANTED**; and it is further

  **ORDERED** that this action is **DISMISSED** in its entirety.

Dated: October 13, 2011
  Syracuse, New York

                      *[signature]*
                      Hon. Glenn T. Suddaby
                      U.S. District Judge